IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT A. HULL, | : | CIVIL ACTION NO. 1:12-CV-0203 |
| | : | |
| Plaintiff, | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| MEMBERS OF THE U.S. GOVERNMENT, MEMBERS OF THE U.S. BUREAU OF PRISONS, MEMBERS OF FCI SCHUYLKILL STAFF, MEMBERS OF THE U.S. PROBATION OFFICE, | : : : : : : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is plaintiff, Robert A. Hull's ("Hull") motion for attorneys' fees and costs. (Doc. 32). Hull asserts that he should recover $4,901.25 in attorneys' fees and costs pursuant to various statutes, including 42 U.S.C. §§ 1983 and 1988 and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docs. 32, 35). Defendants, Members of the U.S. Government, ("defendants") contend that Hull is not entitled to the relief sought because: (1) he filed a Bivens claim and not a § 1983 claim; (2) § 1988 does not apply to Bivens claims; and (3), even if § 1988 applies to Bivens claims, the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, precludes Hull's recovery. (Doc. 34). For the reasons that follow, the court will grant the motion in part and deny it in part.

I. **Statement of Facts & Procedural History**

Hull, who was released from custody within the Bureau of Prisons on March 13, 2012, was previously incarcerated at the Schuylkill Federal Correctional Institution ("FCI Schuylkill"). On February 2, 2012, during his imprisonment, Hull filed the above *pro se* action, alleging that defendants conspired to deprive him of medical treatment for methicillin-resistant staphylococcus aureus (MRSA), access to the courts, and "emotional security, due process and necessities of civilian life." (Doc. 1). Hull made nine requests for relief including a request for an "order compelling adequate medical care." (Doc. 1).

After reviewing Hull's complaint, this court issued an order on February 10, 2012 construing Hull's motion as asserting an Eighth Amendment claim and seeking immediate injunctive relief. (Doc. 10). The court directed the U.S. Marshals to serve the Warden and the Chief Medical Director at FCI Schuylkill with the complaint. Id. Angus Love, Esquire ("Attorney Love") entered his appearance as attorney for Hull on February 13, 2012,[1] and the court conducted a telephone conference on the request for emergency medical relief on February 17, 2012. (Doc. 11, 15). The court determined that Hull required immediate medical attention and issued an order to ensure that he received treatment. (Doc. 15, 16). The court ordered that a certified physician supervise Hull's evaluation and treatment, and that defendants provide the court with a status report by February 27, 2012. (Doc.

---

[1] Attorney Love's appearance for Hull was only for the purpose of the emergency medical relief portion of Hull's complaint. (Doc. 11).

16). Defendants provided a status report on February 27, 2012 confirming that Dr. Ellen Mace-Leibson treated Hull, conducted laboratory tests, prescribed medication, and counseled Hull on proper hygiene practices and other techniques to reduce the effects of his condition. (Doc. 25).

Attorney Love subsequently filed the instant motion for attorneys' fees on March 7, 2012, and a memorandum in support of the motion on March 9, 2012. (Docs. 32, 33). Defendants responded by filing a brief in opposition to Hull's motion on March 26, 2012, and Hull filed a reply on April 9, 2012. (Docs. 33, 34). The motion has been fully briefed and is ripe for disposition.

## II.    Discussion[2]

Hull argues that he is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988, or in the alternative, pursuant to the EAJA. (Docs. 33, 35). Section 1988 is the channel by which the prevailing party in a § 1983 suit may recover attorney's fees from a state government or state officials. 42 U.S.C. §§ 1983, 1988. Similarly, the Equal Access to Justice Act (EAJA) is the channel by which the prevailing party may be awarded attorneys' fees and expenses in a suit against the "United States or an agency or an official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(b).

---

[2] The court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Chamberlin Mfg. Co. v. Local Lodge No. 847, 474 F. Supp. 2d 682, 686 (M.D. Pa. 2007).

There are four issues before the court which will be addressed in turn: (1) whether Hull presented a § 1983 claim or a Bivens claim; (2) whether he meets the statutory requirements to recover attorneys' fees for his claim; (3) whether the PLRA precludes Hull's ability to recover fees; and (4), if he is entitled to fees, the amount he is entitled to recover. The court concludes that Hull has presented a Bivens claim, thereby rendering the attorneys fee provision of 42 U.S.C. § 1988 inapplicable to the instant action, but that fees are recoverable under the EAJA.

**A.     Hull Presents a Bivens Claim**

It is well established that a party seeking redress for constitutional violations against a party acting under color of state law is entitled to do so under § 1983. 42 U.S.C. § 1983. It is also unquestioned that a party seeking redress for violations of his rights against a party acting under color of federal law must do so by presenting what has become known as a Bivens claim or Bivens action. Brown v. Phillip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001) (citing Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)).

Hull, who brings his claims against members of the United States government, has clearly presented a Bivens claim, not a § 1983 claim. Brown, 250 F.3d at 800 (3d Cir. 2001); Zolicoffer v. F.B.I., 884 F.Supp. 173, 175 (M.D. Pa. 1995) (Doc. 1).

**B.    Hull is Not Entitled to Recover Attorneys' Fees Pursuant to 42 U.S.C. § 1988 but May Recover Attorneys' Fees Through the EAJA**

First, the attorneys fee provision of 42 U.S.C. § 1988 is inapplicable in the instant matter. Section 1988 authorizes the recovery of attorneys fees only for actions arising under the specifically enumerated statutes in § 1988. See 42 U.S.C. § 1988(b); Maxwell v. Dodd, No. 08-11326, 2010 WL 1626403, at *10 (E.D. Mich. Apr. 21, 2010); see also Hall v. United States, 773 F.2d 707, 707 (6th Cir. 1985) ("The federal government must violate one of the sections enumerated in section 1988 to be liable for attorney fees under that section."); Unus v. Kane, 565 F.3d 103, 127 (4th Cir. 2009) (stating that § 1988 does not authorize a fee award for Bivens claims). As noted above, Hull brings this Bivens actions against members of the federal government. A Bivens action is not an enumerated cause of action under § 1988, therefore Hull may not recover attorneys' fees pursuant to that statute.

Given the unique circumstances present in the instant matter, Hull may, however, recover attorneys fees pursuant to the EAJA. The EAJA provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses[3] . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States[4] in any court having jurisdiction of that action,

---

[3] "'[F]ees and other expenses' includes . . . reasonable attorney fees..." 28 U.S.C. § 2412(d)(2)(A)

[4] "'United States' includes any agency and any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(d)(2)(C).

unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

A plaintiff will win the day on his claim for attorneys' fees under the EAJA if he proves that he is the prevailing party in the action.[5] 28 U.S.C. § 2412(d)(1)(A). Generally, the "'prevailing party' is [the] one who fairly can be found by the district court to have essentially succeeded on his claims for relief" on the merits.[6] French v. Bowen, 708 F. Supp. 644, 647 (M.D. Pa. 1989) (internal citations omitted). To succeed, one must prove that there is a "causal-connection" between the cause of action and the relief obtained. Id. at 647. To prevail, the party need only succeed on any one significant issue. People Against Police Violence v. City of Pittsburgh, 520 F.3d 226, 232 (3d Cir. 2008) (internal citations omitted); accord French, 708 F. Supp at 647 (holding that to succeed a plaintiff need not obtain the exact "form or extent of relief" as originally requested). Finally, the party need not carry the litigation through to a final judgment in order to obtain attorneys' fees. People Against Police Violence, 520 F. 3d at 232.

---

[5] Defendants failed to argue that Hull was not a "prevailing party" and conceded that he received some of the relief he originally requested. Defendants only argued that Hull did not prove "an actual violation of a protected right," a requirement of the PLRA (which is inapplicable to the case *sub judice*) but not the EAJA. (Doc. 34); see infra Part II.C.

[6] When defining "prevailing party," the court may interpret the term by considering "similarly worded fee-shifting laws" such as § 1988. French v. Bowen, 708 F. Supp. 644, 647 fn. 2 (M.D. Pa. 1989) (citing Brown v. Sec. of Health and Human Services, 747 F.2d 878, 882 (3d Cir. 1984).

Hull, who was the "prevailing party" in his Bivens claim in which he sought and obtained injunctive relief is entitled to attorneys' fees pursuant to the EAJA. See Lucas v. White, 63 F. Supp. 2d 1046, 1052-53 (N.D. Cal. 1999) (awarding attorneys' fees under the EAJA in Bivens action where "plaintiffs' action was clearly 'aimed primarily at' obtaining equitable relief against government officials to end practices in the federal prison system that violated the plaintiffs' constitutional rights under the Fourth, Fifth, and Eighth Amendments" (citing Ramon by Ramon v. Soto, 916 F.2d 1377 (9th Cir. 1990))).[7] In Hull's complaint, he requested an "order compelling adequate medical care." (Doc. 1). The court granted this request on February 17, 2012 when it ordered that a certified physician complete a full medical evaluation of Hull, that Hull receive all "reasonable and appropriate medical treatment," and that defendants "provide the court with a status report" on or before February 27, 2012. (Doc. 16). To this limited extent, Hull meets the definition of a "prevailing party" because his cause of action led this court to issue the above order which in turn provided Hull with the relief he sought;

---

[7] But see Couden v. Duffey, 826 F. Supp. 2d 711, 717 & n.23 (D. Del. 2011); Kreines v. United States, 33 F.3d 1105, 1109 (9th Cir. 1994) (holding that the EAJA "does not authorize the courts to award attorney's fees against the United States in *Bivens* actions. Federal agents are sued in their individual capacities rather than their official capacities in *Bivens* actions; thus, a *Bivens* action is not a 'civil action . . . against the United States' under § 2412(d)"); Maxwell, 2010 WL 1626403, at *10 (finding that attorneys' fees are not recoverable under the EAJA in a Bivens action); GasPlus, L.L.C. v. U.S. Dep't of Interior, 593 F. Supp. 2d 80, 88-89 (D.D.C. 2009) ("Bivens actions involve claims against federal officials in their *individual capacities*. Accordingly, Subsection 2412(d)(1)(A) 'does not authorize the courts to award attorney's fees against the United States in Bivens actions.'" (quoting Kreines, 33 F.3d at 1109)).

it is irrelevant that he succeeded in only one of his nine requests for relief. Further, the claim for attorneys' fees relates solely to the injunctive relief sought and subsequently obtained. (Docs. 11, 32, 32-1, 33). Moreover, the defendants did not produce evidence, and this court found no evidence in the record, that their position was "substantially justified or that special circumstances [exist which would] make an award unjust." 28 U.S.C.A. § 2412(d)(1)(A); (Doc. 33).

### C. The PLRA Does Not Preclude Hull from Recovering Attorney Fees

The Prison Litigation Reform Act does affect Hull's claim for attorney's fees under the EAJA. The attorney's fee provision of the PLRA only applies to fees authorized under § 1988. 42 U.S.C.A. § 1997e(d)(1); 42 U.S.C.A. § 1988(b) (listing the laws to which § 1988 applies).; Beckford v. Irvin, 60 F. Supp. 2d 85, 88 (W.D.N.Y. 1999) (holding that the PLRA fee limitations do not apply to plaintiffs who are entitled to attorneys' fees under a statute separate from § 1988); Lynn S. Branham, Toothless in Truth? The Ethereal Rational Basis Test and the Prison Litigation Reform Act's Disparate Restrictions on Attorney's Fees, 89 CAL. L. REV. 999, 1009 (2001) (arguing that the PLRA's fee restrictions only apply to "one fee-award statute: 42 U.S.C. § 1988). The section of the PLRA at issue here, states:

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized *under section 1988 of this title,* such fees shall not be awarded, except to the extent that–
> > (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title.

42 U.S.C. § 1997e(d) (emphasis added).

By its plain language, this portion of the statute applies to attorneys' fees awards "under section 1988 of [Title 42]," which does not include Bivens actions. Id.  Indeed, as discussed supra, § 1988 does not apply to Bivens actions.  Unus v. Kane, 565 F.3d 103, 127 (4th Cir. 2009) (stating that § 1988 does not authorize a fee award for Bivens claims).  Defendants have failed to provide any evidence that this portion of the PLRA applies to requests for attorneys' fees under the EAJA in Bivens actions, and this court has been unable to find precedent to that effect. (Doc. 34).  The PLRA simply does not impact the award of attorney's fees under the EAJA in the instant matter.

**D.     Award of Attorneys' Fees and Costs**

Having found that Hull is entitled to attorney's fees pursuant to the EAJA, the only remaining issue is the amount of fees to which he is entitled.  Defendants did not dispute the number of hours submitted by Hull's attorneys nor the amount of money requested by Hull.  (Doc. 34).[8]  (Docs. 32, 33, 34, 35).  However, the hourly rate cited by Hull's attorney—the rate set forth in the PLRA—is inapplicable as this is not a § 1988 attorney's fees claim.  See 42 U.S.C. § 1997e(d)(3).  The EAJA sets the hourly rate and reads in pertinent part:

---

[8] Defendants did, however, clarify an error between Hull's motion and original brief in which the brief requested an erroneously low amount. Hull, in his first brief, omitted two hours of research by Attorney Love totaling $375.00.  The amount was included in both his original motion and his reply to defendants' brief in opposition of the motion.

'fees and other expenses' include[] . . .reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

28 U.S.C. § 2412(d)(2)(A).

Pursuant to the EAJA section quoted above, Hull's attorneys' fees and costs are calculated as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Angus Love | 20.5 | $125.00 | $2,562.50 |
| Su Ming Yeh | 5.0 | $125.00 | $625.00 |
| Other Litigation Fees[9] | | | $120.00 |
| **Total Recovery** | | | **$3,307.50** |

## IV.  Conclusion

For the foregoing reasons, Hull's motion for attorneys' fees and costs will be granted in part and denied in part. (Doc.32). The court will grant the motion for attorney's fees and award $3,307.50 in attorney's fees and costs. An appropriate order follows.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date:   August 14, 2012

---

[9] Litigation fees are also recoverable pursuant to the EAJA. 28 U.S.C. § 2412(a)(1).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT A. HULL**, | : | CIVIL ACTION NO. 1:12-CV-0203 |
| | : | |
| Plaintiff, | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MEMBERS OF THE U.S. GOVERNMENT, MEMBERS OF THE U.S. BUREAU OF PRISONS, MEMBERS OF FCI SCHUYLKILL STAFF, MEMBERS OF THE U.S. PROBATION OFFICE**, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 14th day of August, 2012, upon consideration of the motion (Doc. 32) for attorneys' fees filed by Robert A. Hull, and for the reasons set for in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Docs. 32) is GRANTED in part and DENIED in part.

2. Defendants are ORDERED to pay $3,307.50 to Angus Love, Esquire, counsel for plaintiff, for attorney fees and costs.

3. The remaining issues in the above-captioned action are referred to a magistrate judge for screening pursuant to the Prison Litigation Reform Act.  See 28 U.S.C. § 1915.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge